1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5531
    Fax:  (415) 703-5843
8   Email:  Denise.Yates@doj.ca.gov
   Attorneys for Respondent Robert L. Ayers, Jr.,
9  Warden at San Quentin State Prison
   SF2008200060

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

| | |
|---|---|
| 15  **GEORGE G. GREENWOOD,** | No. C 08-2410 WHA (PR) |
| 16                                    Petitioner, | **RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN** *HAYWARD* |
| 17        v. | |
| 18  **ROBERT L. AYERS, Warden,** | |
| 19                                    Respondent. | |

20

21                        **INTRODUCTION**

22       Petitioner George Greenwood filed a Petition for Writ of Habeas Corpus, contending that

23  his due process rights were violated by the Board of Parole Hearings's 2007 decision finding him

24  unsuitable for parole.  This Court ordered a response to the Petition.  On May 16, 2008, the Ninth

25  Circuit granted en banc review in *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008), and oral

26  argument was held on June 24, 2008.  The en banc court in *Hayward* may decide whether this

27  Court has jurisdiction over this case, and the appropriate standard to be applied if there is

28  jurisdiction.  Therefore, Respondent requests a stay of this case pending the issuance of the

---

1  mandate in *Hayward*.

2                                    **ARGUMENT**

3                                         **I.**

4  **THIS COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS**
   **MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD***
5  **BECAUSE BOTH THE BALANCE OF THE INTERESTS AND**
   **CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR**
6  **GRANTING A STAY.**

7        A trial court has discretion to ensure the just and efficient determination of a case by

8  staying it pending the resolution of other proceedings where a stay would be "efficient for [the

9  court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*,

10  593 F.2d 857, 863 (9th Cir. 1979).  In determining whether to grant a stay, a court should

11  consider the possible damage that may result, the hardship or inequity that a party may suffer,

12  and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and

13  questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d

14  1098, 1109, 1111 (9th Cir. 2005).  A court should also take into account the existence of similar

15  cases that are pending in the same district court, and the probability that more are likely to be

16  filed.  *Id.*  Staying cases that are on the forefront of an issue provides a necessary delay, allowing

17  for resolution of the issues and resulting in uniform treatment of like suits.  *Id.*

18        As the resolution of *Hayward* could significantly impact this case and numerous similar

19  cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, this

20  Court should therefore exercise its discretion and stay this matter pending the issuance of the

21  mandate in *Hayward*.

22        **A.    Moving Forward with this Case Before the Finality of *Hayward***
             **Does Not Serve the Interest of Judicial Economy.**
23

24        Granting a stay in this case serves the interests of judicial order and economy.  On May

25  16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*, and oral argument was held

26  on June 24, 2008.  At issue before the en banc panel in *Hayward* are two threshold issues which

27  are necessary to the resolution of this case:  1) whether California has created a federally

28  protected liberty interest in parole for life inmates, and 2) if a liberty interest is created, what

---

Resp't's Req. for Stay Pending Issuance of Mandate in *Hayward*                    *Greenwood v. Ayers*
                                                                                   No. C 08-2410 WHA (PR)

1   process is due under clearly established Supreme Court authority.  Resolution of these issues

2   could establish that Petitioner does not have a federally protected liberty interest in parole,

3   potentially allowing this Court to dismiss his claims for lack of jurisdiction without requiring

4   briefing from the parties.  Moreover, it would be wasteful to proceed in this case without the

5   Ninth Circuit's holdings in these matters, as the parties would need to brief issues that will be

6   decided en banc and then submit supplemental briefing to apply the law as clarified in the en

7   banc decision.  The two rounds of pleadings may unnecessarily complicate the matters raised and

8   would impair the orderly course of justice.  Waiting for the resolution of *Hayward* would thus

9   conserve Court resources, and prevent this Court from having to revisit this matter if *Hayward* is

10  modified or reversed.

11      A stay would also serve judicial order and economy by maintaining uniform treatment of

12  like suits, as once the law is settled it can be uniformly applied.  In many habeas petitions

13  challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of

14  the cases until the resolution of *Hayward*.  *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*

15  *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;

16  *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-

17  17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

18      Granting a stay would therefore conserve judicial resources and serve this Court's interest

19  in orderly managing these proceedings.

20      **B.    A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

21      A stay of this case at the district court level would not unfairly impose any additional or

22  otherwise avoidable hardship on Petitioner.  As discussed above, if the parties proceed in this

23  case additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying

24  final resolution.  Also, even if this Court decides this case before *Hayward*, it is likely the losing

25  party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*.  (*See*

26  Arg. I.A.)

27                          **CONCLUSION**

28      When the equities are balanced, the parties' interests and the interests of judicial economy

---

Resp't's Req. for Stay Pending Issuance of Mandate in *Hayward*                    *Greenwood v. Ayers*
                                                                                   No. C 08-2410 WHA (PR)

1  support staying this case pending the final resolution of *Hayward*.  Staying this case until

2  challenges to *Hayward* are resolved and that decision becomes final promotes the orderly

3  resolution of this matter, and will assist in maintaining uniformity of like suits pending before

4  this Court and similar cases that will be filed in the future.  Respondent therefore requests that

5  this Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

6  If this Court denies the stay, Respondent requests at least thirty days from the date of this Court's

7  denial to file an Answer.

8           Dated:  July 30, 2008

9                                                    Respectfully submitted,

10                                                   EDMUND G. BROWN JR.
                                                     Attorney General of the State of California

11                                                   DANE R. GILLETTE
12                                                   Chief Assistant Attorney General

13                                                   JULIE L. GARLAND
                                                     Senior Assistant Attorney General

14                                                   JESSICA N. BLONIEN
                                                     Supervising Deputy Attorney General

15

16

17                                                   DENISE A. YATES
                                                     Deputy Attorney General

18
                                                     Attorneys for Respondent Robert L. Ayers, Jr., Warden at
19                                                   San Quentin State Prison

20

21

22

23

24

25

26

27

28

---

Resp't's Req. for Stay Pending Issuance of Mandate in *Hayward*

*Greenwood v. Ayers*
No. C 08-2410 WHA (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Grreenwood v. Ayers**

No.:   **C 08-2410 WHA (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 30, 2008,** I served the attached

### RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN HAYWARD

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**George G. Greenwood, C-57110**
**San Quentin State Prison**
**1 Main Street**
**San Quentin, CA 94964**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 30, 2008,** at San Francisco, California.

|  |  |
|---|---|
| J. Palomino | |
| Declarant | Signature |

20129415.wpd