IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE G. GREENWOOD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ROBERT L. AYERS, Warden,<br><br>　　　　Respondent. | No. C 08-2410 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, along with exhibits. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 1982, petitioner was convicted by a jury in Los Angeles County Superior Court of one count of first-degree murder and one count of robbery (Pet. Exh. A at 3). He was sentenced to a term of twenty-five years to life in state prison (*ibid.*). At his 2007 parole hearing, the California Board of Parole Hearings (the "Board") found him unsuitable for parole for a fifth time (*id.* at 56). The Board's 2007 decision is the subject of this petition. Petitioner has exhausted his claims by way of state habeas petitions.

## ANALYSIS

**A. STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

2

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, which in this case is the opinion of the superior court denying the state habeas petition. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

As grounds for federal habeas relief, petitioner asserts that: (1) there was not "some evidence" to support the denial; and (2) the denial was arbitrary and capricious because there was not enough evidence that petitioner was unsuitable for parole. Both of petitioner's issues are variations on the same claim that the Board's decision violated due process because it was not supported by sufficient evidence of petitioner's unsuitability.

In order to preserve the argument for appeal, respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

A parole denial satisfies the requirements of due process if "some evidence" supports the decision. *Sass*, 461 F.3d at 1128-29 . "To determine whether the some evidence standard is met 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached'" by the parole board. *Id.* at 1128 (quoting *Hill*, 472 U.S. at 455-456). The "some evidence standard is minimal, and assures that 'the record is not so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary.'" *Id.* at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the Governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See In. re Lawrence*, 44 Cal. 4th 1181, 1205 (2008). The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

In several cases the Ninth Circuit has discussed whether the "some evidence" standard can be satisfied by evidence of the nature of the commitment offense and prior offenses. In *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003), the court explained that "[t]he Parole Board's decision is one of 'equity' and requires a careful balancing and assessment of the factors considered . . . A continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." *Ibid.* Although the *Biggs* court upheld the initial denial of a parole release date based solely on the nature of the crime and the prisoner's conduct before incarceration, the court cautioned that "[o]ver time, however, should Biggs continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of the nature of his offense would raise serious questions involving his liberty interest." *Id.* at 916.

The *Sass* court criticized the decision in *Biggs*: "Under AEDPA it is not our function to speculate about how future parole hearings could proceed." *Sass*, 461 F.3d at 1129. *Sass*

4

determined that it is not a due process violation per se if the Board determines parole suitability based solely on the unchanging factors of the commitment offense and prior offenses. *Ibid.* (prisoner's commitment offenses in combination with prior offenses amounted to some evidence to support the Board's denial of parole). However, *Sass* does not dispute the argument in *Biggs* that, over time, a commitment offense may be less probative of a prisoner's current threat to the public safety.

The Ninth Circuit explained that all of the cases in which it previously held that denying parole based solely on the commitment offense comported with due process were ones in which the prisoner had not yet served the minimum years required by the sentence. *Ibid.* Also, noting that the parole board in *Sass* appeared to give little or no weight to evidence of the prisoner's rehabilitation, the Ninth Circuit stressed its hope that "the Board will come to recognize that in some cases, indefinite detention based solely on an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some point violate due process, given the liberty interest in parole that flows from relevant California statutes." *Ibid.* (citing *Biggs*, 334 F.3d at 917). Even so, the Ninth Circuit has not set a standard as to when a complete reliance on unchanging circumstances would amount to a due process violation.

The Board denied parole based on the circumstances of the murder, petitioner's criminal history, his disciplinary record while in prison, his psychological report, and his lack of solid plans for after his release from prison (Pet. Exh. A at 71-77). The Los Angeles County Superior Court found that the parole denial did not violate due process because the evidence cited by the Board constituted "some evidence" of a risk that petitioner would pose a threat to the public if released (Pet. Exh. D at 1-2). The California Court of Appeal and the California Supreme Court summarily denied petitioner's claims (Resp. Exhs. 4 & 6).

As to the commitment offense, the Board described it as follows:

> [O]n June 29, 1981, at approximately 8 a.m., Frank Coffey, Sr. [] was struck to the ground by an assailant and robbed. Jesse Davis ("Davis") who was inside a nearby store, looked outside when he heard a noise. He saw Defendant holding a man who appeared elderly. Defendant's left hand was in the man's left rear pocket. Davis observed Defendant swing the flat part of his clinched right fist down in a clapping motion against the back of Coffey's head. Coffey fell forward onto his face into the street. When Defendant pulled his hand out of Coffey's pocket, Davis observed a black wallet in Defendant's hand. Defedant

ran off with the wallet. Orlando Mason ("Mason") told police Defendant had requested his help in robbing an old man. Mason responded that he did not want to get involved. Defendant left, heading towards the street where Coffey was attacked. Shortly thereafter, Defendant returned with the wallet. According to Mason, Defendant later stated he had gotten only "crumbs" from the wallet. Mario Jancy [] saw Defendant at approximately 9 a.m. Defendant had in his possession a credit card bearing the name Frank C. Sims [] and a driver's license issued to Frank Coffey. Jancy asked how Defendant had acquired the credit card. Defendant answered, "I slammed this old man and took his wallet." Defendant also noted he had warned people in the vicinity of the crime scene, "of any of you blank blanks tell, I'll come back and kill you."

(Pet. Exh. A at 15.) Coffey later died of the head injuries he sustained in petitioner's attack (Resp. Exh. 2 at 2).

The Board reasonably found that the circumstances of the offense evince a "total disregard for human suffering" and a trivial motive in comparison to the seriousness of the crime (Pet. Exh. A at 71-72). Petitioner's prior criminal record included drug offenses from the age of 13, an attempted kidnap and assault as a juvenile, and robbery as a juvenile, before committing the instant murder at age 18 (*id.* at 73). His institutional disciplinary record is extensive, including 33 less serious "counseling chronos," eight more serious infractions, and 15 disciplinary reports (*id.* at 73-74). These facts alone amount to "some evidence" that petitioner would present an unreasonable threat to the public if released, but there was additional evidence in the record supporting the Board's parole denial as well. The psychologist who evaluated him for parole found that petitioner had Antisocial Personality Disorder and presented a "moderate" risk to the public (*id.* at 74-76). Also, petitioner had a place to live while on parole, but he had presented no evidence of any employment plans (*id.* at 76). While petitioner was commended for his vocational training, and his participation in drug recovery and other "very, very good programs" in prison, the Board reasonably found these factors outweighed by the factors indicating that petitioner was not suitable for parole (*id.* at 77).

The record of the 2007 parole hearing demonstrates at least "some evidence" that petitioner would pose a risk of harm to society if released and that parole should be denied. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232–33 (9th Cir. 2005) (facts of the offense and psychiatric reports about the would-be parolee sufficient to support denial). Moreover, as the Board did not

deny parole solely because of the unchanging facts of petitioner's offense and criminal history, the concern expressed in *Biggs*, that after passage of enough time such facts would cease to amount to "some evidence" on its own, is not triggered here. The state court's rejection of petitioner's due process claim was neither contrary to nor an unreasonable application of the "some evidence" requirement of due process. Consequently, petitioner is not entitled to federal habeas relief.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January  26 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\GREENWOOD2410.RUL.wpd